JOSEPH R. WOLFSON et al., Respondents, v. ARNOLD A. MANDELL et al., Appellants.— In an action to recover damages for willfully and maliciously inducing the breach of an alleged contract, the defendants appeal from an order of the Supreme Court, Queens County, entered October 17, 1963 on reargument, which: (a) denied their motion under rule 103 of the former Rules of Civil Practice to strike out the amended complaint on the ground that it is sham and frivolous, that it was served in bad faith and that it is in contravention of the opinion of this court on a prior appeal in this action (18 A D 2d 816) and of the opinion of the Appellate Division in the First Department on an appeal in a prior action between the parties (13 A D 2d 760, affd. 11 N Y 2d 704); and (b) denied defendants' motion under rule 102 of the former Rules of Civil Practice to make paragraphs 1 through 12 of the said complaint more definite and certain, except that the motion was granted in part with respect to paragraph 5. Order reversed, with $10 costs and disbursements; motion to strike out the amended complaint granted, and complaint struck out, with leave to plaintiffs, within 20 days after entry of the order hereon, to serve a second amended complaint consistent herewith. The present amended complaint is in contravention of the prior determinations by the Appellate Division in the First Department and by this court (13 A D 2d 760, affd. 11 N Y 2d 704, 18 A D 2d 816). By reason of these determinations, it follows: (1) that, under the October 3, 1958 agreement between plaintiffs and Lemos, the plaintiffs had no rights after April 1, 1960; (2) that under the April 1, 1960 contract, whether construed as a binding contract or as an "at will" arrangement the plaintiffs acquired no rights; and (3) that plaintiffs have no claims based on acts of defendants

after April 1, 1960. Plaintiffs may replead a cause of action based only on acts of the defendants which occurred *prior to* April 1, 1960. Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.